IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3004-FL

| | |
|---|---|
| MICHAEL SCOTT PERKINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| PETER WHITE, GRAY FAULKNER, III, VANCE COUNTY BOARD OF COMMISSIONERS, and WESTERN SURETY, | ) |
| | ) |
| Defendants. | ) |

On January 11, 2013, plaintiff, a state inmate, filed this action pursuant to 42 U.S.C. §1983. The matter now is before the court on plaintiff's unopposed motion for reconsideration (DE 14). The issues raised are ripe for adjudication.

The court treats plaintiff's motion for reconsideration as a motion under Federal Rule of Civil Procedure 59(e). Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. See, e.g., Sloas v. CSX Transp. Inc., 616 F.3d 380, n. 2 (4th Cir. 2010).

## BACKGROUND

Plaintiff originally brought this § 1983 action against Vance County Sheriff Peter White ("White"), Vance County Deputy Sheriff Gray Faulkner, III ("Faulkner"), the Vance County Board of Commissioners, ("Board of County Commissioners") and Western Surety. Plaintiff alleged an excessive force claim pursuant to the Fourteenth Amendment to the United States Constitution against Faulkner and a supervisor liability claim against White arising out of the alleged excessive force incident. Plaintiff also alleged a claim against Faulkner pursuant to 18 U.S.C.§ 1519, as well as, allegations that Faulkner and White committed perjury in the course of plaintiff's criminal proceedings. Finally, plaintiff alleged that the Board of County Commissioners failed to adequately train its employees and enacted policies which led to the alleged excessive force.

On August 1, 2013, the court entered an order and dismissed as time-barred plaintiff's claims arising out of the alleged August 11, 2008, excessive force incident, as well as, plaintiff's allegations that Faulkner and White failed to follow Vance County policies at that time. The court additionally dismissed, without prejudice for failure to state a claim, plaintiff's claim pursuant to § 1519 and his allegations that Faulkner and White committed perjury in the course of plaintiff's criminal proceedings.

## DISCUSSION

Plaintiff, in his motion for reconsideration, argues that his claims arising out of the alleged August 11, 2008, excessive force incident and his claim that Faulkner and White failed to follow Vance County policies are not barred by the statute of limitations because the statute of limitations was tolled. Specifically, plaintiff states that he initially timely filed an action alleging instant claims in North Carolina State court, but that he voluntarily dismissed his state court action without prejudice on March 20, 2012. As a result, plaintiff contends that he had one year to re-file his

action pursuant to North Carolina Rule of Civil Procedure 41(a). See N.C. R. Civ. P. 41(a) (providing that "if an action commended within the time prescribed therefor, or any claim therein, is dismissed without prejudice under the subsection, a new action based on the same claim may be commenced within one year after such dismissal . . . ."); Wright v. Durham County Jail and Staff, No. 1:00CV922, 2002 WL 737730, at *4 (M.D.N.C. Mar. 4, 2002). It is difficult to determine with certainty from the current record whether North Carolina Rule of Civil Procedure 41(a) is applicable to this action. Thus, the court finds that justice requires that plaintiff's Rule 59(e) motion be GRANTED as to plaintiff's time-barred claims.

The court now turns to plaintiff's claims pursuant to § 1519 and his claim arising out of the alleged perjury. Plaintiff does not challenge the dismissal of these claims. Thus, plaintiff fails to demonstrate an intervening change in controlling law, to present new evidence previously not available, or to show a clear error of law that would support granting his Rule 59(e) motion with respect to these claims, and plaintiff is not entitled to relief.

## CONCLUSION

In summary, the court GRANTS in part and DENIES in part plaintiff's Rule 59(e) motion. Plaintiff's motion is GRANTED with respect to plaintiff's time-barred claims, but is DENIED as to plaintiff's remaining claims. The Clerk of Court is DIRECTED to reopen the action. The court also DIRECTS the United States Marshal Service to make service on defendants pursuant to 28 U.S.C. § 1915(d).

SO ORDERED, this the 17th day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge